UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-546

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **DEFAULT** |
| DARRYL GAINES, individually and f/d/b/a ) | **JUDGMENT** |
| TAVERN JR CRICKETS; and COTTON & ) | |
| GAINES, INC., a business entity and f/d/b/a/ ) | |
| TAVERN JR CRICKETS, ) | |
| Defendants. ) | |
| ) | |
| ) | |

THIS MATTER comes now before the Court on the upon Plaintiff's Motion for Default Judgment (Doc. 9) against Defendants DARRYL GAINES, individually and f/d/b/a TAVERN JR CRICKETS; and COTTON & GAINES, INC., a business entity and f/d/b/a/ TAVERN JR CRICKETS, pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Though it appears Defendants were properly served in this case (Doc. No. 5), Defendants have never entered an appearance or filed any pleadings. The clerk entered default on December 30, 2011 (Doc. No. 7). When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against the claim, and after the clerk has entered default against such party, the opposing party is entitled to move for default judgment. See FED. R. CIV. P. 55. Furthermore, "[a]verments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." FED. R. CIV. P. 8(d). A default, however is not considered an absolute confession of liability by the defendant and is also not an affirmation of the plaintiff's right to recover. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

Title 47 U.S.C. § 553 protects companies in Plaintiff's position from the unauthorized interception and receipt of cable service. Title 47 U.S.C. § 605 protects companies in Plaintiff's position from the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto). Both aforementioned statues provide statutory damages schemes applicable when a violation of said statutes occurs. Both 47 U.S.C. § 553(b)(2) and (c)(2)(c) provide that a plaintiff may be entitled to damages in an amount up to $50,000.00, plus the recovery of full costs, including reasonable attorney's fees if the violation is for the purposes of commercial advantage or private financial gain. Under 47 U.S.C. § 605(e)(3)(C)(i)(II), a party may be awarded such damages in a sum not less than $10,000.00 nor more than $100,000.00, as the court sees fit, for each violation of the statute, and 605(e)(3)(C)(ii) permits the court to increase the damages if the purpose of the violation was for commercial advantage or private financial gain, up to $100,000.00. However, a plaintiff is not permitted to recover under both 47 U.S.C. § 553 and 47 U.S.C. § 605. J &J Sports Productions, Inc. v. Romenski, 2012 WL 652777 (W.D.N.C. 2012). "Further, [a] [p]laintiff may not recover conversion damages in addition to actual or statutory damages under Section 605. Id. *See* Joe Hand Promotions, Inc. v. Dock Street Enters., Inc., No. 11–1973, 2011 WL 6141058, at *5 n. 5 (D.Md. Dec. 8, 2011); J & J Sports Prod., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc., No. 9–3141, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010). Here, the Court has reviewed these statutes and the record in the case and determined that no hearing is necessary.

This case is before the Court upon the Court's diversity jurisdiction, 28 U.S.C. § 1332, as the complaint alleges the parties are citizens of different states and the amount in controversy is greater than $75,000. This Court has personal jurisdiction over Defendants who are located in North Carolina; Plaintiff waived any objection to personal jurisdiction by filing this action in

North Carolina.

ACCORDINGLY, IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Judgment is hereby entered in favor of Plaintiff, Joe Hand Promotions, and against Defendants, as follows:

1. In the amount of TEN THOUSAND DOLLARS ($10,000) for statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and

2. In the amount of TWENTY THOUSAND DOLLARS ($20,000) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) for enhanced damages for the Defendant's willful violation of 47 U.S.C. § 605(a) committed for purposes of direct commercial advantage and private financial gain; and

3. Costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

4. The Court DENIES an award for attorney's fees.

5. The Court DENIES any claim for damages associated with conversion.

The Court therefore GRANTS Plaintiff's Motion for Default Judgment and finds damages in the amount of THIRTY THOUSAND DOLLARS ($30,000) plus court costs determined by the Clerk of Court. The Clerk is directed to enter judgment in accordance with this Order and is further directed to send copies of this Order and the Clerk's judgment to Defendants at the

following mailing address: Darryl Gaines, 4505 Glenlea Commons Drive, Charlotte, North Carolina 28216, which is Defendants' address of record.

IT IS SO ORDERED.

Signed: August 14, 2012

Frank D. Whitney
United States District Judge